UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
HAIYAN JIANG,

                    Plaintiff,

        -against-                    **REPORT AND RECOMMENDATION**
                                                22 CV 0643 (MKB) (CLP)
D&S WEDDING PLANNER INC., D&S
GROCERY STORE INC., DANNY WONG,
and QIN YING CHEN,

                    Defendants.
---------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

      On February 4, 2022, plaintiff Haiyan Jiang ("plaintiff") commenced this action against

defendants D&S Wedding Planner Inc., D&S Grocery Store Inc., Danny Wong, and Qin Ying

Chen (collectively, "defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"),

29 U.S.C. §§ 201, e*t seq.*, and the New York Labor Law ("NYLL"), seeking, *inter alia,* unpaid

minimum and overtime compensation under the FLSA and NYLL, unpaid spread of hours

premium under the NYLL, statutory penalties under the Wage Theft Prevention Act, liquidated

damages, interest and attorneys' fees and costs.  (Compl.[1] ¶¶ 1-2).

      Currently pending before this Court on referral from the Honorable Margo K. Brodie is

plaintiff's motion for default judgment.  For the reasons set forth below, it is respectfully

recommended that plaintiff's motion be denied without prejudice pending the submission of

appropriate supporting documentation.

FACTUAL BACKGROUND

      Plaintiff alleges that defendants D&S Wedding Planner Inc. ("D&S Wedding") and D&S

Grocery Store Inc. ("D&S Grocery") are domestic corporations, located at 4413 8th Avenue,

---

[1] Citations to "Compl." refer to plaintiffs' Complaint, filed February 4, 2022.  (ECF No. 1).

Brooklyn, N.Y. 11220.  (Compl. ¶¶ 7, 8).  According to the Complaint, both entities are employers engaged in interstate commerce or the production of goods for commerce, and both have gross revenues in excess of $500,000.  (Id. ¶¶ 10, 11, 15, 16).

Defendant Danny Wong is alleged to be an owner or part owner, manager and principal of both D&S Wedding and D&S Grocery.  (Id. ¶¶ 20, 22).  According to the Complaint, Wong was involved in the day-to-day operations of both entities and played an active role in managing the businesses, having the power to hire and fire employees, set wages and schedules and maintain the corporate records.  (Id. ¶¶ 20-23).  Defendant Qin Ying Chen is also alleged to be an owner or part owner, manager and principal of both D&S Wedding and D&S Grocery, with the power to hire and fire employees, set schedules and wages, and maintain records.  (Id. ¶¶ 24, 26).  Defendant Chen is alleged to have been involved in the day-to-day operations of both entities, playing an active role in managing the businesses.  (Id. ¶¶ 25, 27).

According to the Complaint, plaintiff Haiyan Jiang was employed as a receptionist/assistant at D&S Wedding and D&S Grocery from approximately May 1, 2019 to October 24, 2021.  (Id. ¶¶ 33, 36).  Plaintiff's job primarily consisted of tasks such as greeting clients and organizing supplies at the warehouse, and her work allegedly "did not involve executive or administrative responsibilities."  (Id. ¶¶ 34-35).  The Complaint alleges that plaintiff worked at the defendants' location at 18 East Broadway, 1st Floor, from May 1, 2019 until September 30, 2019.  (Id. ¶ 37).  During this time, she worked five days a week from 11:00 a.m. to 5:00 p.m., although these days were not set and varied from week to week.  (Id.)  She was paid $1,000 a month regardless of the number of hours worked and she received an additional $50 if she worked a wedding for defendants, which usually involved an additional 5.5 hours per wedding.  (Id. ¶ 38).  She would work an average of two weddings per week.  (Id. ¶ 39).

From December 1, 2019 to March 12, 2020, plaintiff alleges that she worked at defendants' basement/warehouse location, at 6020 7th Avenue, Brooklyn. (Id. ¶ 40). During this time, she was paid $1,000 per month, working five days per week from 11:00 a.m. to 5:00 p.m., in addition to working an average of two weddings per week at the rate of $50 for five and a half hours of work each. (Id. ¶¶ 41, 42).

Thereafter, plaintiff worked sporadically for defendants. For example, from May 10, 2021 until June 19, 2021, plaintiff worked at defendants' 4413 8th Avenue location, working various days from 9:00 a.m. to 5:00 p.m. and receiving a total of $700 for the total time worked. (Id. ¶¶ 44-46). She also alleges that she worked on September 19, 2020 from 9:00 a.m. to 9:00 p.m., and on October 24, 2021 from 9:00 a.m. to 5:00 p.m., receiving $100 for each day. (Id. ¶¶ 43, 47). Plaintiff claims that she was paid in cash and that at all relevant times, defendants knowingly and willfully failed to pay her the proper wages, including failing to pay minimum wages, and overtime wages in contravention of the FLSA and NYLL. (Id. ¶¶ 48-52). Plaintiff also alleges that defendants failed to pay spread of hours premium as required by the NYLL, and failed to provide proper wage stubs or written notices as required by the Wage Theft Prevention Act. (Id. ¶¶ 49, 53-54). Finally, plaintiff alleges that defendants failed to maintain proper records as required by the NYLL and the FLSA. (Id. ¶¶ 55-56).

The Complaint sets forth six claims: 1) violations of the FLSA and NYLL for failure to pay minimum wages (Counts I, II); 2) violations of the FLSA and NYLL for failure to pay overtime rates (Counts III, IV); 3) a violation of the NYLL for failure to pay spread of hours premiums (Count V); and 4) a violation of the New York State Wage Theft Prevention Act for failure to maintain accurate records and failure to provide proper written wage notices and wage statements (Count VI). (Id. ¶¶ 63-89).

PROCEDURAL HISTORY

Following the filing of the Complaint on February 4, 2022, summons were issued and defendants D&S Grocery and D&S Wedding were served on March 18, 2022.  (See ECF No. 7).  Defendants Wong and Qin were served on March 19, 2022.  (See ECF No. 8).  When defendants failed to file an Answer or otherwise respond to the Complaint, the Clerk of Court entered a default against them on May 10, 2022.  (See ECF No. 10).

On June 23, 2022, plaintiff filed a motion for default judgment, which motion was referred to the undersigned by the Honorable Margo K. Brodie, Chief United States District Judge, to prepare a Report and Recommendation.  (See ECF No. 13).

In connection with the motion for default judgment, plaintiff submitted a Memorandum of Law dated June 23, 2022 (ECF No. 14), the Declaration of Haiyan Jiang, dated June 22, 2022 (ECF No. 15), and an undated Certification of Attorney Vincent S. Wong in Support of Plaintiff's Motion for Default Judgment Against Defendants (the "Certification").  (ECF No. 16).  Mr. Wong's undated certification bears the caption "Zhi Jian Pan, individually and on behalf of all other employees similarly situated, v. Wa Sushi & Thai Inc., Jian Zhu Inc., Thai & Sushi Inc., Guo Dong Chi, and Jiang Zhu a/k/a Jiang Yo."  (ECF No. 16).  The Certification also bears the Docket No. 19 CV 5864, which appears to be a closed case assigned to the Honorable Rachel Kovner, United States District Judge, and the Honorable Peggy Kuo, United States Magistrate Judge.  None of the parties listed in the caption of the Certification appear to be parties to the instant action.  Moreover, although the information contained in the Certification does appear to relate to the plaintiff in this action, it is filed with the wrong caption and in the wrong case.  Indeed, the Certification at one point refers to "plaintiffs," indicating that there are multiple plaintiffs in the case, whereas in the instant case Ms. Jiang is the only plaintiff named in the

4

Complaint.  (Id. ¶ 14)

On November 4, 2022, this Court issued an Order, directing the plaintiff to file any supplemental materials and warning defendants that if they did not challenge plaintiff's calculation of damages, the Court would determine damages based on plaintiff's submissions. (ECF No. 17).  Thereafter, on November 17, 2022, plaintiff's counsel filed a "Supplemental Decleration [sic] of Vincent S. Wong in Support of Plaintiff's Motion" ("Supplemental Declaration").  (ECF No. 19).  Again, while the body of the Supplemental Declaration appears to relate to plaintiff Jiang in the instant case, the document contains the wrong caption and lists the Docket No. as 19 CV 5864.  (Id.)  Additionally, the document, this time at several points, refers to "plaintiffs."  (Id. ¶¶ 71-72, 75)

Accordingly, because it is not entirely clear given the confusion with the caption and docket number that the attorney's Certification and Supplemental Declaration contain accurate information regarding the claims of Haiyan Jiang in the instant matter, the Court declines to speculate as to the proper amount of damages to be awarded and respectfully recommends that the motion for default judgment be denied without prejudice to renew.  The Court further recommends that plaintiff's counsel be directed to refile the entire motion with a proper Memorandum of Law, and supporting documentation reflecting the damages in this action and not in some unrelated litigation.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: January 10, 2023
      Brooklyn, New York

                        /s/ Cheryl L. Pollak
                        CHERYL L. POLLAK
                        Chief United States Magistrate Judge
                        Eastern District of New York